COURT OF APPEALS
DECISION
DATED AND FILED

September 24, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP365-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2017CM557**

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

JERRY A. LEISTER,

  DEFENDANT-APPELLANT.

APPEAL from a judgment and order of the circuit court for Sauk County: PATRICIA A. BARRETT, Judge. *Reversed and cause remanded for further proceedings*.

¶1     KLOPPENBURG, J.[1]  Jerry A. Leister appeals his conviction for intentional mistreatment of animals.  He argues that he was denied his

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2017-18).  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise stated.

constitutional right to counsel because: (1) the circuit court permitted him to proceed pro se without conducting a colloquy ensuring that Leister was knowingly, intelligently, and voluntarily waiving his right to counsel,; and (2) the State failed at a postconviction evidentiary hearing to meet its burden of proving by clear and convincing evidence that Leister had in fact knowingly, intelligently, and voluntarily waived his right to counsel. *See State v. Klessig*, 211 Wis. 2d 194, 206, 212-213, 564 N.W.2d 716 (1997) (mandating a colloquy in every case where a defendant seeks to proceed pro se and delineating the State's burden of proof at a postconviction evidentiary hearing where the circuit court failed to conduct an on-the-record colloquy).

¶2 As I explain, the State in its response brief concedes the absence of an on-the-record colloquy but fails to address in any meaningful way Leister's argument that the State filed to meet its burden at the postconviction evidentiary hearing, or to address the record and legal authority on which that argument is based. Accordingly, I accept Leister's argument and, consistent with the mandate in *Klessig*, I reverse and remand for a new trial. *Id.* at 214 (directing that, if the State fails to prove by clear and convincing evidence that the defendant's waiver was knowing, intelligent, and voluntary, the defendant "is entitled to a new trial").

## BACKGROUND

¶3 The following pertinent facts are undisputed. At his initial appearance in this case, Leister appeared without an attorney and waived his right to an attorney for purposes of that appearance. At the return date, Leister again appeared without an attorney and explained that he was trying to obtain an attorney and had contacted two law firms. At two subsequent return dates, Leister appeared without an attorney but repeated his desire to retain an attorney and told

2

the circuit court that he needed more information from the court to supply to a prospective attorney. On both occasions, the court agreed to give Leister more time to obtain an attorney. The court also offered Leister a waiver of right to an attorney form, which Leister declined.

¶4 At the next return date, Leister still had not retained an attorney but repeated his desire to do so. The circuit court required Leister to enter a plea. Leister asserted that he had been advised by law firms that he should not make a plea until he was able to consult with his attorney. The court entered a not-guilty plea on Leister's behalf and informed him that he could still retain an attorney.

¶5 At the next hearing, Leister appeared with an attorney who explained that, although Leister had spoken with several law firms and had made efforts to obtain a lawyer earlier, he had only retained the attorney the previous week. The attorney stated that her representation was contingent on receiving a continuance for the upcoming jury trial. The circuit court granted the continuance. Before the next hearing, the attorney filed a motion to withdraw and stated in an affidavit that Leister "failed to comply with the terms and conditions of the Representation and Fee Agreement." The court granted that motion.

¶6 Leister appeared pro se at all subsequent proceedings, including the jury trial. The circuit court did not, in any of the subsequent proceedings, including the trial, conduct an on-the-record colloquy with Leister to ascertain whether he knowingly, intelligently and voluntarily waived his right to counsel. The jury found Leister guilty of mistreating an animal.

¶7 Leister retained an attorney after trial (different from the attorney who had briefly represented him before trial) and, pertinent to this appeal, filed a motion for postconviction relief, specifically requesting a new trial on the ground

3

that the circuit court failed in its obligation to ensure that Leister had knowingly, intelligently, and voluntarily waived his right to counsel. The court held an evidentiary hearing and concluded that Leister's waiver was knowing, intelligent, and voluntary, and that he was competent to represent himself at trial.

¶8      Additional background facts will be provided as pertinent.

## DISCUSSION

¶9      The federal and Wisconsin constitutions provide an identical right to counsel. U.S. CONST. amends. VI, XIV; WIS. CONST. art. I, § 7; *Klessig*, 211 Wis. 2d at 202–03 ("The scope, extent, and, thus, interpretation of the right to the assistance of counsel [are] identical under the Wisconsin Constitution and the United States Constitution."). Whether Leister was denied his constitutional right to counsel is a question of constitutional fact that we review de novo as a question of law. *Klessig*, 211 Wis. 2d at 204.

¶10     The right to counsel is "necessary to insure fundamental human rights of life and liberty," *Johnson v. Zerbst*, 304 U.S. 458, 462 (1938), and "is indispensable to the fair administration of our adversarial system of criminal justice," *Maine v. Moulton*, 474 U.S. 159, 168 (1985). *C.f. State v. Forbush*, 2011 WI 25, ¶13, 332 Wis. 2d 620, 796 N.W.2d 741 (calling the right to counsel "a fundamental right"). Because "the right to counsel is considered so fundamental to a fair trial, a prerequisite to proceeding pro se is a knowing, intelligent, and voluntary waiver of the right to counsel." *State v. Darby*, 2009 WI App 50, ¶17, 317 Wis. 2d 478, 766 N.W.2d 770 (quoted source omitted). The circuit court must also determine that the defendant is competent to proceed pro se. *Id.* (citing *Klessig*, 211 Wis. 2d at 203). "If these conditions are not satisfied,

4

the circuit court must prevent the defendant from representing himself [or herself.]" *Klessig*, 211 Wis. 2d at 203–04.

¶11    On appeal, Leister does not challenge the circuit court's determination that he was competent to proceed pro se. Rather, he challenges the circuit court's conclusion that he knowingly, intelligently, and voluntarily waived his right to counsel. Accordingly, I limit my analysis to that issue.

¶12    In order to satisfy the condition of a knowing, intelligent, and voluntary waiver of the right to counsel, Wisconsin law requires the use of an on-the-record colloquy in every case where a defendant seeks to proceed pro se. *Klessig*, 211 Wis. 2d at 206. In announcing this requirement, our supreme court explained:

> [A] properly conducted colloquy serves the dual purposes of ensuring that a defendant is not deprived of his [or her] constitutional rights and of efficiently guarding our scarce judicial resources. We hope that our reaffirmation of the importance of such a colloquy will encourage the circuit courts to continue their vigilance in employing such examinations.

*Id.* The colloquy must show that the defendant "(1) made a deliberate choice to proceed without counsel, (2) was aware of the difficulties and disadvantages of self-representation, (3) was aware of the seriousness of the charge or charges against him [or her], and (4) was aware of the general range of penalties that could have been imposed on him [or her]." *Id.* Where a circuit court fails to conduct such a colloquy and the defendant files a motion for postconviction relief, the court must hold an evidentiary hearing to determine whether the waiver was knowing, intelligent, and voluntary. *Id.* at 207. At such a hearing, the burden falls on the State to overcome the presumption of non-waiver by proving by clear and convincing evidence that the defendant knowingly, intelligently, and voluntarily

5

waived his or her constitutional right to counsel. *Id.* If the State fails to meet its burden, the defendant "is entitled to a new trial." *Id.* at 207, 214.

¶13 Here, the parties agree that a *Klessig* colloquy to ascertain that Leister knowingly, intelligently, and voluntarily waived his right to counsel was not conducted at any time after his retained counsel withdrew and he proceeded pro se. Thus, the sole issue on appeal is whether, at the evidentiary hearing that the circuit court properly held on Leister's motion for postconviction relief, the State satisfied its burden of proving, by clear and convincing evidence, that Leister had knowingly, intelligently, and voluntarily waived his right to counsel. In addressing this issue, I first provide additional pertinent background of the proceedings in the circuit court. I next review the parties' arguments on appeal. I then explain why I accept Leister's argument that the State failed to satisfy its burden based on the State's failure to offer any developed argument to the contrary.

¶14 In the circuit court, the State did not file any written response to Leister's motion for postconviction relief. The State also did not produce any evidence or call any witnesses at the evidentiary hearing on Leister's motion, at which Leister appeared with counsel. The prosecutor explained at the hearing that "I did review everything, and there is some merit, I will concede, to what [Leister] submits" but stated that the State ultimately did not respond to Leister's motion because it was "ludicrous." The State argued generally that Leister's previous experience in the criminal justice system, his success in this case at defending himself and obtaining a "not guilty" verdict on one of the charges against him, and his repeated appearances in this case without an attorney were enough to defeat Leister's motion, although the State conceded that "that's not what *Klessig* says." The State did not cite any authority to support its position.

¶15    The circuit court concluded, based upon its review of the record of the pretrial proceedings in this case and its awareness of Leister's "approach" to other cases in the Sauk County circuit court, that Leister had knowingly, intelligently, and voluntarily waived his right to an attorney, and denied Leister's motion.

¶16    Leister argues on appeal that the circuit court erred because the State failed to meet its burden of proving, by clear and convincing evidence, that Leister knowingly, intelligently, and voluntarily waived his right to counsel. Citing the record, Leister asserts that the hearing on his motion was "an evidentiary hearing without evidence" and argues that "[t]he State never attempted to meet its burden of proof" by presenting evidence pertinent to the factors set out in *Klessig*. Citing pertinent legal authority, Leister also argues that "The [circuit] court devised a new test not prescribed by *Klessig*; that the court was to retroactively consider Leister's relative experience in the courtroom" in determining whether Leister knowingly, intelligently, and voluntarily waived his right to counsel absent the State's presentation of any evidence, including testimony by Leister.

¶17    The State offers a one and one-half page argument in response. Without any citations to either the record or legal authority, the State seems to assert that this court should conclude that Leister knowingly, intelligently, and voluntarily waived his right to counsel simply by virtue of his proceeding pro se in this case, because his "active, forthright" defense demonstrated his desire to represent himself and his pro se appearances in other cases demonstrated that Leister was sufficiently experienced in the criminal justice system to know his rights.

¶18    In reply, Leister argues that:

> The State relies entirely on [conclusory] assertions. The State's brief does not contain a single cite to the record which it purportedly relies on. Additionally, the State ignores a crucial fact; that *Klessig* assigned the burden of proof at the [evidentiary hearing] to the State... .
>
> [T]he State failed to address the *Klessig* requirements. Worse, the State also failed to introduce any facts to support its arguments.

Leister asks this court to rule in his favor based on the State's failure to cite either legal authority or the record.

¶19  It is well established that this court generally does not consider arguments unsupported by citations to legal authority or to the record. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered."); *Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, and we will not abandon our neutrality to develop arguments.") (quoted source omitted); *State v. McMorris*, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 (court of appeals may "choose not to consider … arguments that lack proper citations to the record"). Nor does this court have any obligation to develop the record on a party's behalf. *See Jensen v. McPherson*, 2004 WI App 145, ¶6 n.4, 275 Wis. 2d 604, 685 N.W.2d 603 ("It is not this court's responsibility to sift and glean the record in extenso to find facts supporting [the party's] argument."). "A party must do more than simply toss a bunch of concepts into the air with the hope that either the ... court or the opposing party will arrange them into viable and fact-supported legal theories." *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). *See also* WIS. STAT. RULE 809.19(1)(d) and (e) (setting forth requirements for appellate briefs, including that arguments be supported by adequate factual and legal citations).

8

¶20 I agree with Leister that the State fails to develop any meaningful argument that applies pertinent legal authority to the facts of record, and instead responds to Leister's argument only with conclusory assertions unsupported by any citations to the law or the record. Accordingly, consistent with the legal authority set forth above, I do not consider whatever arguments the State means to make and I accept Leister's argument that the State failed to meet its burden to prove, by clear and convincing evidence, that Leister knowingly, intelligently, and voluntarily waived his right to counsel. Consistent with the express mandate in *Klessig*, I therefore remand for a new trial. *See Klessig,* 211 Wis. 2d at 214 (directing that the defendant is "entitled to a new trial" where the State fails to meets its burden of proving, by clear and convincing evidence, that the defendant knowingly, intelligently, and voluntarily waived his or her right to counsel).

## CONCLUSION

¶21 For the reasons explained above, I reverse and remand for a new trial.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.